# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **RONNIE WARD, ET AL.** | **CIVIL ACTION NO. 3:20-cv-01467** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **CROSS KEYS BANK, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REASONS FOR DECISION

Pending here is an Appeal from the Bankruptcy Court filed by Ronnie Ward, Sharon Ward, and Car King, LLC (collectively "Appellants") [Doc. No. 1]. Appellants seek relief from "the order enforcing the automatic stay of bankruptcy entered on the motions of Cross Keys Bank and John C. Conine, Trustee, on November 12, 2020, prohibiting appellants from pursing their unrelated claims against Cross Keys Bank and others and ordering the improperly removed adversary proceeding bearing docket number 20-03014 dismissed as a violation of the automatic stay rather than for lack of jurisdiction." [*Id*.] Cross Keys Bank ("Cross Keys") and the duly appointed Chapter 7 trustee of the estate of Karcredit, LLC ("Karcredit"), John C. Conine (collectively "Appellees"), oppose the appeal.

## BACKGROUND

This matter arises from three inter-related proceedings in the United States Bankruptcy Court for the Western District of Louisiana ("Bankruptcy Court"), namely, one bankruptcy case and two adversary proceedings related to the bankruptcy.

### A. Pre-Bankruptcy Litigation

Ronnie Ward was a principal in three businesses that had substantial loans from Cross Keys Bank ("Cross Keys"). [Appellant's Brief, Doc. No. 10, p. 3]. The first was a Toyota dealership in Ruston, Louisiana. The second was the "brother-sister business" of JD Byrider

("Byrider") and Karcredit [*Id*.]. Byrider sold used cars that were financed by Karcredit, and both received financing from Cross Keys. The third was Car King, LLC, a used car dealership in West Monroe, Louisiana [*Id*.].

On May 22, 2019, Cross Keys filed a Petition in the Fourth Judicial District Court, Ouachita Parish, Louisiana, No. 19-1665, against Karcredit, Ronnie Ward, and Sharon Ward. Cross Keys sought judgment against the defendants, in solido, for amounts due under a promissory note ("the Note") dated March 19, 2012, executed by Karcredit in the principal amount of $3,197,829.42, plus interest, late fees, attorneys' fees, expenses and all other amounts due under the Note [Doc. No. 2-4, p. 12 *et seq*.]. Cross Keys alleged that the Wards personally guaranteed the amount due under the Note pursuant to written guaranty agreements that each of them signed. Cross Keys also sought a declaratory judgment recognizing and maintaining what it asserted are valid, effective, and first-ranking security interests in certain collateral, specifically 3,175 shares of stock in Homeland Bancshares, Inc. ("Homeland") owned by Ronnie Ward, and a $3,000,000 term life insurance policy issued by Transamerica Life Insurance Company on the life of Ronnie Ward. [*Id*.].

The Wards and Karcredit filed a joint answer to the Original Petition on June 17, 2019, which included a reconventional demand against Cross Keys for damages arising out of the alleged mishandling of a loan to Car King, LLC, a non-party to the suit. [*Id*., p. 82 *et. seq*.]

On June 28, 2019, Caldwell Bank & Trust Company ("Caldwell Bank") filed a Motion for Leave to Intervene and an accompanying Verified Petition in Intervention in which it named Ronnie Ward and Cross Keys as defendants. In its Intervention Petition, Caldwell Bank claimed it, not Cross Keys, had a valid security interest in the 3,175 shares of Homeland stock, and, alternatively, alleged a claim for damages against Ronnie Ward. [*Id*., p. 88 *et. seq*.]

Cross Keys filed a First Amended and Restated Petition on July 19, 2019 against Karcredit, the Wards, and other guarantors of the Note. In its Amended Petition, Cross Keys sought judgment, in solido, against several additional entities and persons who, like the Wards, had signed guaranty agreements to guarantee the amount due under the Note. [*Id*., p. 112, *et. seq.*].

On August 5, 2019, the Wards, Karcredit, and two of the additional defendants filed a joint answer to the Amended Petition. No affirmative defenses were contained in the joint answer, but it included a reconventional demand by Ronnie Ward, the non-party Car King, and another entity, against Cross Keys that was much the same as the one the Wards asserted in their answer to the Original Petition. [*Id*., p. 154 *et. seq*.].

On October 28, 2019, Ronnie Ward filed an answer to the Caldwell Bank Intervention Petition (the "Oct 28 Ward Pleading"). It included a "Supplement to Reconventional Demand," elaborating upon his reconventional demand against Cross Keys, and not Caldwell Bank – the party that filed the Intervention Petition. It purported to add a third-party demand against Ellis Blount ("Blount"), the private investigator hired by Cross Key's counsel, as a third-party defendant to Ronnie Ward's previous reconventional demand against Cross Keys. The Oct 28 Ward Pleading also purported to add Sharon Ward as a plaintiff in reconvention. [*Id*., p. 188 *et. seq*.].

On November 4, 2019, Cross Keys filed an Answer to the Intervention Petition, which included a third-party demand against Homeland for any damages sustained by Cross Keys resulting from any valid security interest in the same Homeland stock in favor of Caldwell Bank that primed or invalidated the Cross Keys security interest in the same stock. [*Id*., p. 199 *et. seq.*].

On January 29, 2020, Defendants Karcredit; the non-party Car King, LLC; and another defendant filed an Intervention pleading. Significant to the instant appeal, in that pleading the parties that filed it adopted by reference all of the allegations made by Ward in his reconventional demand as supplemented. [Doc. No. 2-5, p. 9, *et. seq*.] Karcredit specifically alleged it "was directly damaged by the negligent and/or intentional mishandling of the Karcredit debt including the efforts of Cross Keys Bank and its counsel to, and which did, interfere with prospective contract rights of Ward and Karcredit." [*Id*.]

Subsequently, on February 21, 2020, counsel for the Wards and the Intervenors filed a memorandum in support of the January 29, 2020 Intervention [*Id*., p. 49, *et. seq*.], in which they represented that "the claims asserted by Ward in his reconventional demands arguably belong to Car King, LLC, Karkredit (sic), LLC and/or Byrider of Monroe." [*Id*., p. 51]. They then cited authorities to support the statement that the claims asserted by Ward in reconvention belong to the entities themselves, including Karcredit. [*Id*.].

**B.     The Bankruptcy Case**

On July 17, 2020, Cross Keys filed an Involuntary Petition Against a Non-Individual with the Bankruptcy Court, Case No. 20-30681, against Karcredit (aka "the Debtor"). [Doc. No. 7-1] (the "Bankruptcy Case"). Cross Keys asserted its claim in the Involuntary Petition, that under the Note, the Debtor owed it at least $2,738,031.63 in principal plus accrued but unpaid interest, plus prepetition attorneys' fees and expenses and all other amounts allowed by the Note or any other loan documents.

Karcredit did not file an answer or opposition to the Involuntary Petition within 21 days after service of the summons on it (see Bankruptcy Rules 1011(b) and 1013(a)). Accordingly, on August 11, 2020, the Bankruptcy Court entered an order for relief against Karcredit. [*Id*., p. 11].

Karcredit is now a chapter 7 debtor, and a chapter 7 trustee has been appointed, namely, John Clifton Conine.

**C.     The First Adversary**

Later that same day, Cross Keys filed a Notice of Removal in the United States District Court for the Western District of Louisiana ("District Court") to remove the pending State Court Action, No. 19-1665 (aka the "First Adversary"), based on its relation to the Bankruptcy Case. [Doc. No. 7-6]. The Notice of Removal provided that pursuant to Local Rule 83.4.1, once removed, the First Adversary should be referred to the Bankruptcy Court for adjudication. [*Id*.] The District Court assigned the removed action case number 20-cv-00900. On July 17, 2020, a Minute Entry was filed in the removed action indicating it had been referred to the Bankruptcy Court, and thus the First Adversary was instituted in the Bankruptcy Court on July 22, 2020.

On July 31, 2020, the Wards filed a "Motion to Abstain and Require Plaintiff to Pay Attorney's Fees and Expenses" ("Motion to Abstain") in the First Adversary, requesting the Bankruptcy Court abstain and remand the removed action (the First Adversary) to state court. [Doc. No. 7-7, p. 28].

On August 10, 2020, the Wards filed a "Second Motion to Remand" ("Motion to Remand") in the First Adversary, in which they once again asked the Bankruptcy Court to adjudicate whether to remand the First Adversary. [Id., p. 46].

On September 3, 2020, the Bankruptcy Court entered orders in the First Adversary denying the motions to remand and abstain filed by the Wards for the reasons it recited on the record at the conclusion of the September 3, 2020 hearing (the "September Hearing"). After the September Hearing, the Bankruptcy Court entered a scheduling order in the First Adversary. The First Adversary case is pending adjudication in the Bankruptcy Court.

5

As part of its ruling at the September Hearing, during its analysis of the Motion to Abstain, the Bankruptcy Court took the statements made by counsel for the Debtor (Karcredit), the Wards and non-party Car King, LLC, in the First Adversary (state court) pleadings, as judicial admissions that the Debtor had asserted an ownership interest in all claims made in the state court pleadings or adopted by reference therein, including claims featured in the exhibits attached thereto (in total, the "Estate Claims"). [September Hearing Transcript, Doc. No. 7-9, pp. 85, 86]. The Bankruptcy Court then noted that, based on the statements made in these pleadings, it was clear that "the debtor asserted an ownership interest in these claims." [*Id*., pp. 86, 87].

The Bankruptcy Court further observed that there were multiple parties asserting an interest in these same claims. [*Id*., p. 86]. Citing Fifth Circuit and United States Supreme Court jurisprudence, the Bankruptcy Court explained that with respect to claims where the Debtor asserted ownership interest in the claims, whether in whole or in part, it is a core matter for the Bankruptcy Court to determine the ownership of those claims. [*Id*., p. 87]. The Bankruptcy Court stated it had the sole authority to determine the bankruptcy estate's exact interest in the Estate Claims. [*Id*]. Given the statements made in the state court pleadings, the Bankruptcy Court determined that the subject claims and causes of action should be treated as if they "are now owned by the [D]ebtor or are co-owned between the [D]ebtor and non-debtor parties and are subject to the trustee's administration pursuant to Section 541 of the Bankruptcy Code." [*Id*., p. 86]. The Bankruptcy Court also noted that "to the extent [the claims] are co-owned with a non-debtor party, the Bankruptcy Code provides a procedure for the trustee to dispose of co-owned claims pursuant to Section 363(h) of the Bankruptcy Code." [*Id*., pp. 86, 87].

The Wards have filed a separate notice of appeal concerning the Bankruptcy Court's rulings on the Motion to Abstain and Motion to Remand, which appeal has been docketed in this

District Court as case number 20-1511 ("Appeal of Motion to Abstain/Remand"). The review of the Bankruptcy Court's rulings on the Motion to Abstain and Motion to Remand in the First Adversary is being addressed in a separate, simultaneous ruling by this Court.

**D.    The Second Adversary**

On September 17, 2020, the Wards and Car King, LLC, without seeking authority from the Bankruptcy Court to do so, filed a second state court case asserting claims almost identical to the Estate Claims with the Fourth Judicial District Court, Ouachita Parish, State of Louisiana, namely, *Ronnie Ward, et al v. Cross Keys Bank, et al,* No. C-2020-2474.

On October 2, 2020, three defendants in the second state suit, including Cross Keys, removed it to the District Court on the basis that it is related to the Bankruptcy Case because it consisted of Estate Claims. [Doc. No. 7-13]. The removing parties requested that the District Court refer the removed lawsuit to the Bankruptcy Court pursuant to District Court Local Civil Rule 83.4.1. The District Court acted on that request, referring the second removed state court lawsuit to the Bankruptcy Court, where it was assigned case number 20-03014 (the "Second Adversary").

On October 14, 2020, Cross Keys, later joined by the Trustee, filed a Motion for Entry of An Order Enforcing the Automatic Stay and Related Court Orders and Incorporated Memorandum (the "Motion to Enforce Stay") in the Bankruptcy Case, asserting that the filing of the second state court lawsuit by the Wards and Car King, LLC, on September 17, 2020, violated the automatic stay of 11 U.S.C. § 362, and requesting an order enforcing the stay and recognizing that the second state court lawsuit, then the Second Adversary, was invalid. [Doc. No. 7-2; Doc. No. 7-1, p. 28]. It was set for hearing on November 12, 2020.

Cross Keys and the Trustee contended that a comparison of the Second Adversary Petition and the pleadings in the First Adversary shows that, with a few minor elaborations or variations,

they assert the same Estate Claims. They further contended that these are claims in which the Debtor has asserted an ownership interest and should be treated as claims owned either entirely by the Debtor, or at the very least, co-owned by the Debtor. As noted above, during the September Hearing, the Bankruptcy Court had held it had the sole authority to determine the estate's exact interest in those claims, and had held that, given the assertion of ownership interest by the Debtor, these are claims that are subject to the trustee's administration in the Bankruptcy Case. [*Id.*]

Cross Keys additionally asserted that, under 11 U.S.C. § 362(a)(3), the petition initiating the Bankruptcy Case operated as a stay of "any act to obtain possession of property of the estate of or property from the estate or to exercise control over property of the estate," and that a non-debtor party's decision to prosecute litigious claims in which the Debtor had asserted some interest, as had occurred with the Second Adversary, violates this provision. Citing several Fifth Circuit cases, Cross Keys noted that the automatic stay of § 362 covers property that is merely arguably property of the estate, though a final determination on whether or not such property is or is not property of the estate has yet to be finally adjudicated. Finally, Cross Keys asserted that as an action violative of the stay, the Second Adversary should be declared void and dismissed. [*Id.*]

Before the hearing on the Motion to Enforce Stay, Cross Keys and another defendant in the Second Adversary filed a motion to dismiss that adversary pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, made applicable therein under Bankruptcy Rule 7012 ("Motion to Dismiss Second Adversary"), and also set it for hearing on November 12, 2020.

Appellants filed oppositions to the motions and a Motion to Dismiss for Lack of Jurisdiction, arguing that the state court claims consisted solely of contract and tort claims based

on state law, and that there was no federal question contained in the pleadings. [Doc. No. 7-13, p. 303 *et seq*.].

The Bankruptcy Court rendered an oral ruling granting the Motions to Enforce Stay during the hearing on November 12, 2020, as documented in the transcript of that hearing. [Doc. No. 16-1, p. 103 *et seq*.]. And, after that hearing, the Bankruptcy Court entered orders in the Bankruptcy Case, granting each of the Motions to Enforce Stay. [Doc. No. 7-13, p. 433]. The Bankruptcy Court then entered an order in the Second Adversary, dismissing it without prejudice, and holding that all other pending motions in the Second Adversary, including Appellants' motion to dismiss for lack of jurisdiction, were now moot. [Doc. No. 7-13, p. 428].

Appellants thereafter filed a Notice of Appeal [Doc. No. 16-1, p. 99] and an Amended Notice of Appeal [*Id*., p. 101] in the Bankruptcy Case but have not filed any Notice of Appeal in the Second Adversary.

## LAW AND ANALYSIS

**A.     Standard of Review**

"The Fifth Circuit has consistently held that the standard of review applicable to bankruptcy appeals in a district court is the same as the standard applied by a Court of Appeals to a district court proceeding." *Wells Fargo Bank, N.A. v. Jones*, 391 B.R. 577, 586 (E.D. La. 2008); *AT&T Univ. Car Servs. v. Mercer (In re Mercer)*, 246 F.3d 391, 402 (5th Cir. 2001) (we apply the same standard of review to the analysis of the bankruptcy court's order as did the district court). Under those standards, "the bankruptcy court's factual findings are reviewed for clear error; its legal conclusions and findings on mixed questions of fact and law are reviewed *de novo*." *Id*.

**B.     Procedural Objections**

Appellees first object to the appeal, and to Appellants' brief, on numerous procedural grounds. Appellees state that Appellants failed to file any notice of appeal in the Second Adversary, which they assert is the only adversary proceeding in which the sole order cited in the Appellants' Brief that is the subject of this appeal was entered, and, thus, the District Court does not have jurisdiction over this appeal. Appellants further state that this Court's lack of jurisdiction over this appeal is established by the fact that Appellants failed to file a notice of appeal that (a) cited any specific order of the Bankruptcy Court, or (b) complied with Bankruptcy Rule 8003(a)(3) by attaching the order or orders appealed from.

Appellees thus argue that the appeal should be dismissed since it is now moot as a result of Appellants' failure to file a notice of appeal in the Secondary Adversary and the finality of the order dismissing the Second Adversary.

Next, Appellees argue that Appellants have failed to comply with Bankruptcy Rule 8014 regarding the content of their Brief. There is no argument section in Appellants' Brief as required by Bankruptcy Rule 8014(a)(8); there is no statement of the issues presented, and, for each one, a concise statement of the applicable standard of appellate review as required by Bankruptcy Rule 8014(a)(5); several arguments in Appellants' brief fall outside the limited scope of the pre-brief statement of issues; Appellants fail to cite any part of the Bankruptcy Court Oral Ruling during the November 12 Hearing or identify any errors in it, and have, therefore, abandoned any arguments on or regarding that Ruling; Appellants have failed to support their Brief with adequate citations in the record; and, considering their Brief as a whole, Appellants have abandoned all issues on appeal, a defect which may not be remedied in a reply brief.

Finally, Appellees contend Appellants have improperly made several arguments on appeal that were not presented to the Bankruptcy Court for its consideration in the first instance.

Appellants do not dispute Appellees' contentions. Instead, Appellants merely respond:

> Cross Keys Bank has once again failed to address the substance of the matter before the court, instead complaining in mind numbing detail that appellants' brief was not in proper form.

[Appellants' Reply Brief, Doc. No. 19, p. 1].

The Court finds that the numerous deficiencies in Appellants' briefing make it difficult for Appellees to determine the exact nature, scope, and parameters of Appellants' appeal, which is violative of due process and relegates Appellees (and the Court) to simply guess or surmise how to respond to Appellants' appeal. These core deficiencies are prejudicial to Appellees, meriting dismissal of Appellants' alleged appeal. *See Bailey v. U.S. Bank*, 620 Fed. Appx. 361, 362 (5th Cir. 2015) (noting that appellant's failure to comply with Rule 28 of the Fed. R. Appellate Procedure – "FRAP", the corollary rule to Bankruptcy Rule 8014, left appellee to speculate and attempt to deduce both the factual basis of the challenge to the lower court ruling and the specific arguments on the same, and thus was prejudicial to appellee, meriting dismissal). *See also McCoy v. United States*, 2019 WL 1084211, at *3 (S.D Tx. March 7, 2019) (noting "Bankruptcy Rule 8014(a), which governs the presentation of appellants' briefs in bankruptcy appeals, is not only a technical or aesthetic provision, but also has a substantive function—that of providing the other parties and the [C]ourt with some indication of which flaws in the appealed order or decision motivate the appeal" and that failure to comply with Rule 8014 is sufficient grounds to deny the appeal without more) (*citing In re Stotler and Co.*, 166 B.R. 114, 117 (N.D. Ill. 1994)).

As the Fifth Circuit has held, "[i]t is not the function of an appellate court ... to divine arguments on behalf of litigants from a substantial narrative; undeveloped arguments are rightly ignored." *See In re Lothian Oil, Inc.*, 531 Fed. App'x. 428, 436 n. 9 and 439 n.10 (5th Cir. 2013); *see also In re Lothion Oil, Inc.*, 508 Fed. Appx. 352, 357 (5th Cir. 2013). Such inadequate briefing necessarily results in Appellees attempting to speculate and deduce both the basis of the Appellants' challenge and their specific arguments on appeal; this deficiency, in and of itself, warrants dismissal. *See Bailey v. U.S. Bank*, 620 Fed. Appx. 361, 362 (5th Cir. 2015).

It is well-established that "issues not raised or argued in the brief of the appellant may be considered waived and thus will not be noticed or entertained by the court of appeals." *Texas Mortgage Services Corporation v. Guadalupe Savings & Loan Assoc., (In re Texas Mortgage Services Corporation)*, 761 F.2d 1068, 1073-74 (5th Cir. 1985); *Hornbuckle v. Massachusetts Mutual Life Insurance*, 399 Fed. App'x. 863, 865 (5th Cir. 2010) (holding appellant failed to preserve issues for appeal and appeal could be dismissed summarily when, inter alia, appellant's brief failed to state the issues for review and state the applicable standard of review for each issue purportedly appealed).

Further, issues are not preserved for appeal unless they are properly framed and included in the statement of issues on appeal filed pursuant to Bankruptcy Rule 8006 prior to submission of an appellant's brief. *See In re McClendon*, 765 F.3d 501, 506 and n.14 (5th Cir. 2014) (under the law of this circuit, an issue that is not designated in the statement of issues filed pursuant to Bankruptcy Rule 8006 is waived on appeal).

Merely asserting a factual narrative, without coupling it with citations to the record, identifying specific relevant errors and supporting authorities results in abandonment of their

appeal. *See Clark v. Waters*, 407 Fed. Appx. 794, 795 (5th Cir. 2011); *Anderson v. L.E. Fleming*, 67 Fed. Appx. 243 (5th Cir. 2003).

Considering these procedural deficiencies, the Appeal should be dismissed.[1] Nevertheless, the Court will next address what it construes to be the merits of Appellants' Appeal.

**C.    The Merits**

Appellants state that they filed a notice of "appeal from the order enforcing the automatic stay of bankruptcy entered on the motions of Cross Keys Bank and John C. Conine, trustee, on November 12, 2020, prohibiting the appellants from pursuing their unrelated claims against Cross Keys Bank and others and ordering the improperly removed adversary proceeding bearing docket number 20-03014 dismissed as a violation of the automatic stay rather than for lack of jurisdiction." [Appellants' Reply Brief, Doc. No. 19, p.1].

Appellants further state that, "[w]e are here because the bankruptcy court does not understand that a judicial admission or confession is a means of establishing a fact that is in contention and not a means of creating or transferring property rights." [Appellant's Appeal Brief, Doc. No. 10, p. 1]. Appellants further argue that the Bankruptcy Court had no jurisdiction over the second removed state court proceeding because that proceeding was based solely on state law contract and tort claims, and it did not involve the bankruptcy estate in any way.

With regard to the judicial admissions or confessions at issue, Appellants contend that, "[n]othing Ward or his counsel could say [in the first state court proceeding] could have the effect of taking a property right that belongs to Ronnie Ward and putting it into Karcredit LLC.

---

[1] On March 18, 2021, the Court directed Appellants to file a memorandum no later than March 25, 2021, to explain why their appeal should not be dismissed as the appeal of an interlocutory order or decree in accordance with 28 United States Code158 and Bankruptcy Rule 8004 [Doc. No. 18]. Appellants failed to do so, providing the Court another reason to deny the appeal on procedural grounds.

13

That transfer of ownership is essential to the merit of the ruling of the bankruptcy court." [*Id*., p. 10].

Appellants assert that the idea that Karcredit acquired Ronnie Ward's defamation *per se* claim by way of a judicial admission is lacking any basis in law or fact. Appellants thus conclude that the Bankruptcy Court had no jurisdiction over the second state court proceeding.

The Court finds no error and no abuse of discretion by the Bankruptcy Court. Title 11 United States Code § 362(a)(3) provides that the filing of a bankruptcy petition operates as a stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

With regard to Appellants' arguments as to the sufficiency of the judicial admissions involved here, the Automatic Stay extends to property that is even arguably property of the estate, though a final determination on whether or not such property is or is not property of the estate has yet to be finally adjudicated. *See In re Chestnut*, 422 F.3d 298, 303-304 (5th Cir. 2005); *see also In re Burgess*, 392 F.3d at 785 ("the conditional, future, speculative, or equitable nature of an interest does not prevent it from being property of the bankruptcy estate"). And the property covered by section 362(a)(3) includes all "rights of action" of the Debtor, regardless of whether they are based on federal or state law. *See id.; see also Burgess v. Sikes (In re Burgess)*, 392 F.3d 782, 785 (5th Cir. 2004) (scope of property of the estate includes intangible property and causes of action).

A comparison of the second state court petition (Second Adversary Petition) and the pleadings relating to the reconventional demands in the first state court proceedings (First Adversary) shows that, with a few minor elaborations or variations, they assert the same claims. These are claims in which the Debtor has asserted an ownership interest and should be treated as

claims owned either entirely by the Debtor, or at the very least, co-owned by the Debtor. The Bankruptcy Court has the sole authority to determine the estate's exact interest in those claims. Further, given the assertion of ownership interest by the Debtor, these are claims that are subject to the trustee's administration in the Bankruptcy Case.

Therefore, given the dispute as to the ownership of the subject claims, as well as the pre-bankruptcy assertions of ownership by the Debtor to these claims while represented by Appellants' counsel,[2] whether or not these assertions are considered "judicial admissions," the Bankruptcy Court has exclusive jurisdiction to resolve the ownership dispute over the claims. Thus, the stay applies to prevent non-debtor parties from exercising control over the claims and causes of action until such a determination is made or another appropriate order is entered by the Bankruptcy Court.

In sum, the Bankruptcy Court did not err in finding that the filing of the second state court proceeding (the Second Adversary) violated the automatic stay, in granting each of the Motions to Enforce Stay, in dismissing the Second Adversary without prejudice, and in holding that all other pending motions in the Second Adversary, including Appellants' motion to dismiss for lack of jurisdiction, were rendered moot.

## CONCLUSION

For these reasons, the Court finds that the Bankruptcy Court's November 12, 2020 Orders were not an abuse of discretion. The Appeal filed by Ronnie Ward, Sharon Ward, and Car King, LLC, is therefore **DENIED** and the Bankruptcy Court's Orders are **AFFIRMED**.

---

[2] The signature of an attorney to a pleading constitutes a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies that each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. See Louisiana Code of Civil Procedure Art. 863.

Monroe, Louisiana, this 29th day of April, 2021.

```
_____
        TERRY A. DOUGHTY
   UNITED STATES DISTRICT JUDGE
```